# EBERLE-ALBRECHT FLOUR COMPANY

*v.*

## MARTINEZ.

---

San Juan, Law, No. 1225.

PLEADINGS AS TO ACCEPTANCE OF BILL.

General Commercial Law—Spanish Code of Commerce.

 1. The general commercial law is enforced by the Federal courts, and is superior to local law, whether that be derived from the Spanish Code of Commerce or otherwise.

Bill of Exchange—Drawer and Drawee.

 2. In a suit of the drawer against the drawee of a bill of exchange who has accepted it, the Porto Rico Code of Commerce does not differ from the American as to the liability involved.

Opinion filed January 15, 1918.

---

NOTE.—For a discussion of the question of general principles of commercial law as opposed to local law applicable to negotiable paper, see notes in 61 L.R.A. 193, and 19 L.R.A.(N.S.) 666.

Eberle-Albrecht Flour Co. v. Martinez.

*Mr. J. H. Brown* for plaintiff.

*Mr. H. R. Francis* for defendant.

HAMILTON, Judge, delivered the following opinion:

This is a suit upon a bill of exchange dated July 18, 1917, by plaintiff in St. Louis on the defendant at San Juan for $4,927.50, alleging that on July 26 defendant accepted the bill, but has not paid any part of it. The demurrer filed December 29 alleges that the complaint is defective in that it does not allege that the bill was presented to the defendant or payment demanded.

1. The demurrant relies upon articles 460, 469, 483, and 516 of the Commercial Code of Porto Rico for his contention that the complaint against the acceptor of a bill of exchange must allege presentation and refusal of payment. The Code of Commerce in question is Spanish in origin, having been adopted by King Alfonso August 22, 1885, and extended to Porto Rico with certain amendments by Regent Maria Cristina January 28, 1886. It is an enlargement of the Code of Commerce formerly prevailing and adopted in 1829, which in its turn goes back to the Ordenanzas of Bilbao and ultimately to the Consulado del Mar of Barcelona in the Middle Ages. All the provisions in question cannot be traced so far, but the Code is a system containing the commercial regulations of Europe as understood for a long time. How far it is in force now need not be determined. Certainly book 3 as to marine commerce and book 4 as to bankruptcy are in force only to a limited extent, if at all. If the first two books on mer-

Eberle-Albrecht Flour Co. v. Martinez.

chants and commerce in general and special commercial contracts, such as bills of exchange, conflict with the general commercial law as adopted in the United States, they cannot prevail. Apart from the general question of repeal so far as they run counter to American institutions, there is no doubt that the Federal courts have adopted a system of general commercial law which overrides even that of the states, and of course that also of territories, such as Porto Rico. Swift v. Tyson, 16 Pet. 1, 10 L. ed. 865. It has been held in the leading case of Wallace v. M'Connell, 13 Pet. 136, 10 L. ed. 95, in the United States Supreme Court, coming up from the district court at Mobile, that in the United States the acceptor of a bill of exchange stands in the same relation to the drawee as the maker of a note does to the payee, being the principal debtor, and the place of payment being of no essential importance. It is not necessary to aver or to prove that a demand of payment was made, but if the maker or acceptor was at the proper time and place ready to make payment, that would be a good matter of defense, to be pleaded and proved on his part. Wallace v. M'Connell, supra; Ripka v. Pope, 5 La. Ann. 61, 52 Am. Dec. 579. These are old cases, but still good law. To the same effect is 3 R. C. L. 1174, 1175, and 8 C. J. 900. The form of complaint in this case is that found in Estee, Pl. & Pr. § 1019, which was written with a view to the modern Code of Civil Procedure in force in the Pacific states and adopted in Porto Rico. If there is any conflict of law in the matter, it must be resolved in favor of the general law merchant as found by the Federal courts.

2. It is not at all clear, however, that there is any such conflict. The Code of Commerce, art. 460, says:

Eberle-Albrecht Flour Co. v. Martinez.

"The liability of the drawer shall cease when the holder of the bill of exchange has not presented it or did not protest it in due time and form, provided he proves that when the bill fell due he had supplied the funds for its payment in the manner prescribed in articles 456 and 457.

"Should he not adduce this proof, he shall reimburse the amount of the bill not paid, even though the protest was not made at the proper time, during the time the bill has not prescribed. Should he adduce such proof, the liability for the reimbursement shall rest upon the person who is in default; provided the bill has not prescribed." [Compilation 1911, § 8019.]

This and articles 456 and 457 are not applicable to the present case; to wit, that of the drawer suing the drawee who has accepted the bill. Art. 469 provides: "Bills of exchange which are not presented for acceptance or payment within the period fixed shall be affected thereby as well as when they are not protested at the proper time." [Compilation 1911, § 8028.]

This refers only to the period fixed by the subsequent articles, within which presentation is to be had in Spanish or certain other territory. The section within which that provision is found contains also art. 480 (the words "articles" and "sections" being exactly reversed in Spanish and American use), as follows: "The acceptance of a bill of exchange shall bind the person accepting it to the payment thereof when it falls due; and he shall not be relieved from making the payment on account of not having been supplied with funds by the drawer, nor for any other reason whatsoever except the forgery of the document." [Compilation 1911, § 8039.]

Eberle-Albrecht Flour Co. v. Martinez.

Article 483 only refers to the right of the holder of a bill against indorsers and as to the drawer in regard to expenses arising from nonpayment. Article 516 provides that, in default of payment of a bill protested, the holder may demand of the acceptor, drawer, or indorsers certain reimbursement, but a suit against one releases the others. This does not apply to the case of a drawer suing an acceptor. How far these different provisions conform to the general law merchant it is unnecessary to decide. It may be that they are in entire consonance with it, but at all events they do not apply to the case at bar. The demurrer therefore is overruled.

It is so ordered.